UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

American Camshaft Specialties, Inc., et al[1],          Case No. 06-58298
                                                                  Chapter 11
                    Debtor.                              Hon. Phillip J. Shefferly
_____/

**ORDER DENYING EX PARTE APPLICATION TO
CONDUCT A RULE 2004 EXAMINATION OF AIG ASIMCO HOLDINGS LTD.**

On February 22, 2007, the Unsecured Creditors' Committee filed an ex parte application to conduct an examination of AIG ASIMCO Holdings, Ltd., a non-debtor party in this case. The application seeks to conduct the examination under Fed. R. Bankr. P. 2004. The application does not explain why it is submitted ex parte.

Fed. R. Bankr. P. 2004(a) provides that "on motion of any party in interest, the Court may order the examination of any entity." L.B.R. 2004-1 sets forth certain requirements that apply to a request by a party to examine a debtor under Fed. R. Bankr. P. 2004 but does not address the circumstances of a party requesting the examination of a non-debtor under Fed. R. Bankr. P. 2004.

L.B.R. 9014-1 sets forth the procedure for parties to obtain relief by motion and requires in L.B.R. 9014-1(b)(2) a notice to the respondent that the respondent has 15 days in which to file and serve a response and that if no response is timely filed and served, the Court may grant the motion without a hearing. L.B.R. 9014-1(f) specifies a number of motions with respect to which the requirements of L.B.R. 9014-1 are not applicable. L.B.R. 9014-1(f) does not identify motions to

---

[1] The Debtors in this jointly administered bankruptcy proceeding are: American Camshaft Specialties, Inc., a Delaware corporation, Case No. 06-58298; Assembled Camshaft, Inc., a Delaware corporation, Case No. 06-58300; ACS Grand Haven, Inc., a Delaware corporation, Case No. 06-58301; and ACS Orland, Inc., a Delaware corporation, Case No. 06-58302.

conduct a Bankruptcy Rule 2004 examination of non-debtor parties as one of the exceptions to the requirements of L.B.R. 9014-1. Therefore, absent a motion brought under L.B.R. 9006-1(b) requesting the reduction of time to respond to a motion for a Bankruptcy Rule 2004 examination, there is no basis for a party to file a motion for a Bankruptcy Rule 2004 examination ex parte.

The Unsecured Creditors' Committee did not file a motion under L.B.R. 9006-1(b) requesting that the time to respond to its motion for a Bankruptcy Rule 2004 examination be reduced. Nor did the Unsecured Creditors' Committee provide any explanation as to why its motion for Bankruptcy Rule 2004 examination was filed and served ex parte. The Court concludes that there is no authority to simply file and serve an ex parte motion for an examination of a non-debtor party under Fed. R. Bankr. P. 2004(a). Accordingly,

IT IS HEREBY ORDERED that the Unsecured Creditors' Committee's ex parte application for Bankruptcy Rule 2004 examination of AIG ASIMCO Holdings, Ltd. is denied without prejudice to its right to either file a motion for such examination under Bankruptcy Rules 2004 (i) accompanied by the requirements of L.B.R. 9014-1(b); or, (ii) if good cause exists, to file a motion to reduce the time to respond to such motion under L.B.R. 9006-1(b).

**Signed on February 28, 2007**

                                        **/s/ Phillip J. Shefferly**
                                **Phillip J. Shefferly**
                                **United States Bankruptcy Judge**